JUDGE SULLIVAN   14 CV   6508

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| JAMAL BROWN, ) | **COMPLAINT** |

JAMAL BROWN,                                              )

                Plaintiff,                     )

   -against-                                              )

THE CITY OF NEW YORK; POLICE                 )
DETECTIVE ANTONIO PAGAN, Shield No.    )
2174 (formerly Shield No. 08223); POLICE       )
OFFICER JOSEPH MOROVICH, Shield No.     )
10263; POLICE OFFICER "FNU" [FIRST NAME )
UNKNOWN] HALEY; POLICE SERGEANT       )
"FNU" [FIRST NAME UNKNOWN]                   )
McCORMICK; JOHN DOES; RICHARD ROES,   )
                                               )

               Defendants.                  )
------------------------------------------------------------X

**COMPLAINT**

JURY TRIAL DEMANDED

RECEIVED
AUG 14 2014
U.S.D.C. S.D. N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff JAMAL BROWN seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.  Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

1

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.      The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## PARTIES

6.      Plaintiff JAMAL BROWN is a citizen and resident of the United States, and at all times relevant herein was a resident of the State of New York, County of Queens.

7.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agents in the area of law enforcement to members of the public, and for which it is ultimately responsible. Defendant THE CITY OF

NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

8.     Defendants POLICE DETECTIVE ANTONIO PAGAN, POLICE OFFICER JOSEPH MOROVICH, POLICE OFFICER "FNU" [FIRST NAME UNKNOWN] HALEY; POLICE SERGEANT "FNU" [FIRST NAME UNKNOWN] McCORMICK and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK.  Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants POLICE DETECTIVE ANTONIO PAGAN, POLICE OFFICER JOSEPH MOROVICH, POLICE OFFICER "FNU" [FIRST NAME UNKNOWN] HALEY; POLICE SERGEANT "FNU" [FIRST NAME UNKNOWN] McCORMICK, and JOHN DOES are sued individually.

9.     Defendants POLICE SERGEANT "FNU" [FIRST NAME UNKNOWN] McCORMICK and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision,

3

discipline and control of police officers under their command.  Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants POLICE SERGEANT "FNU" [FIRST NAME UNKNOWN] McCORMICK and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

10.     On September 2, 2011, approximately 8:20 p.m., Plaintiff was walking on the sidewalk on E. 125th Street in Manhattan, near between Lexington Avenue and Park Avenue.

11.     Three members of the NYPD – Defendants POLICE OFFICER JOSEPH MOROVICH, POLICE OFFICER HALEY, and POLICE SERGEANT McCORMICK – in a marked police car made a U-turn on 125th Street, pulled up beside Plaintiff, and told Plaintiff, in sum and substance, "Hey, stop."

12.     Defendants POLICE OFFICER JOSEPH MOROVICH and POLICE OFFICER HALEY got out of the police car.

13.     Defendant POLICE OFFICER JOSEPH MOROVICH grabbed and handcuffed Plaintiff, without cause or justification, and asked Plaintiff, in sum and substance, what Plaintiff had in his pocket.

14.     The handcuffs were applied to Plaintiff by POLICE OFFICER JOSEPH MOROVICH with excessive and punitive tightness.

15.     Plaintiff asked Defendant POLICE OFFICER JOSEPH MOROVICH why he was doing

what he was doing to Plaintiff, and stated that he had not done anything.

16.     In response to Defendant POLICE OFFICER JOSEPH MOROVICH's question as to what Plaintiff had in his pocket, Plaintiff responded that he had a box cutter in his right front pocket.

17.     The box cutter that Plaintiff had on him was entirely lawful.

18.     Plaintiff was searched in an intrusive and invasive manner – including down his pants and touching Plaintiff's penis - by Defendant POLICE OFFICER JOSEPH MOROVICH, and the box cutter was removed from Plaintiff's pocket.

19.     Defendant POLICE OFFICER JOSEPH MOROVICH also removed two cell phones from Plaintiff that Plaintiff had on his person.

20.     Defendant POLICE OFFICER JOSEPH MOROVICH told Plaintiff, in sum and substance, that he had approached Plaintiff because of a bulge in Plaintiff's pocket.

21.     Plaintiff stated to Defendant POLICE OFFICER JOSEPH MOROVICH, in sum and substance, that that was impossible, and that there was no way that the officers could have seen anything with regard to Plaintiff's pocket that was indicative of criminality.

22.     Defendant POLICE OFFICER JOSEPH MOROVICH told Plaintiff that he knew Plaintiff, and that Plaintiff, in sum and substance, smelled like weed (i.e., marijuana).

23.     Plaintiff did not smell like marijuana, and told Defendant POLICE OFFICER JOSEPH MOROVICH that he did not smell like weed.

24.     Although Plaintiff had marijuana in his underwear (at that point unbeknownst to Defendant POLICE OFFICER JOSEPH MOROVICH), he had not smoked any marijuana that day, and he did not smell like marijuana.

25.     Plaintiff kept inquiring why he was being arrested.

5

26.     Defendant POLICE OFFICER JOSEPH MOROVICH told Plaintiff not to ask him questions, and grabbed Plaintiff roughly by the neck.

27.     Defendant POLICE OFFICER HALEY told Plaintiff to shut up.

28.     Defendant POLICE OFFICER JOSEPH MOROVICH brought Plaintiff over to the police car.

29.     While Plaintiff was trying to get into the police car, Defendant POLICE OFFICER HALEY grabbed Plaintiff's handcuffs and pulled them from the inside of the car, causing Plaintiff's neck to hit the roof of the car.

30.     While Defendant HALEY was pulling Plaintiff's handcuffs from inside the car, Defendant POLICE OFFICER JOSEPH MOROVICH slammed the car door on Plaintiff's legs.

31.     Plaintiff at no point resisted arrest, or behaved toward the officers in any sort of aggressive manner.

32.     Plaintiff, once in the police vehicle, asked Defendants POLICE OFFICER JOSEPH MOROVICH, POLICE OFFICER HALEY, and SERGEANT McCORMICK for medical care, and continued to ask why he had been arrested.

33.     Defendant POLICE OFFICER JOSEPH MOROVICH took out a can of pepper spray, shook it up, and threatened to pepper spray Plaintiff.

34.     Defendant POLICE OFFICER JOSEPH MOROVICH also balled up his fist and threatened to punch Plaintiff in the mouth.

35.     Defendant SERGEANT McCORMICK told Defendant POLICE OFFICER JOSEPH MOROVICH not to pepper spray or punch Plaintiff.

36.     Defendants POLICE OFFICER JOSEPH MOROVICH, POLICE OFFICER HALEY,

and SERGEANT McCORMICK brought Plaintiff to the NYPD 25th Precinct.

37.     Defendant POLICE OFFICER JOSEPH MOROVICH again searched Plaintiff at the 25th Precinct, again digging around inside of Plaintiff's pants and underwear.

38.     Defendant POLICE OFFICER JOSEPH MOROVICH then found the marijuana that Plaintiff had in his underwear for personal use, and removed approximately 10-15 bags of marijuana ($100 worth) from Plaintiff's underwear.

39.     Defendant POLICE OFFICER JOSEPH MOROVICH and three other JOHN DOES officers then took Plaintiff to the back of the precinct, and Defendant POLICE OFFICER JOSEPH MOROVICH strip searched Plaintiff in a cell.

40.     Plaintiff was made by Defendant POLICE OFFICER JOSEPH MOROVICH to take his pants down, and squat.

41.     While he was in the cell at the 25th Precinct, Plaintiff asked Defendant POLICE OFFICER JOSEPH MOROVICH for medical treatment.

42.     Defendant POLICE OFFICER JOSEPH MOROVICH told Plaintiff that if Plaintiff went to the hospital, the police would delay Plaintiff's paperwork and that Plaintiff's time in custody would be prolonged.

43.     The next day Plaintiff was transferred to Central Booking in lower Manhattan.

44.     Plaintiff was arraigned on September 4, 2011, and bail was set in the amount of $1,000.00.

45.     The Criminal Court Complaint lodged against Plaintiff – which charges Plaintiff with Criminal Possession of a Controlled Substance in the Fifth Degree, and with Unlawful Possession of Marijuana - is signed by Defendant POLICE OFFICER ANTONIO PAGAN, and falsely alleges that he is informed by Defendant POLICE OFFICER JOSEPH MOROVICH that Defendant POLICE

OFFICER JOSEPH MOROVICH recovered 3 bags of cocaine and 15 bags of marijuana from Plaintiff's underwear.

46.     Plaintiff did not possess any cocaine in his underwear or anywhere else on his person on September 2, 2011, and that allegation is a lie.

47.     Plaintiff was able to make bail later in the day on September 4, 2011, approximately nine or ten hours following his arraignment.

48.     Following his arraignment, Plaintiff had to return to court on 5 occasions.

49.     All charges against Plaintiff were dismissed in their entirety on March 28, 2012.

50.     Following Plaintiff's arrest on September 2, 2011, Plaintiff was harassed and stopped on a number of occasions around the same neighborhood by Defendant POLICE OFFICER JOSEPH MOROVICH.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

51.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

52.     By their conduct and actions in falsely arresting, strip searching, maliciously prosecuting, abusing process against, assaulting and battering, failing to provide appropriate medical care for, inflicting emotional distress upon, failing to intercede on behalf of, and fabricating a false account and /or evidence surrounding the September 2, 2011 incident regarding, plaintiff, defendants PAGAN, MOROVICH, HALEY; McCORMICK and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and

8

with a deliberate indifference to or a reckless disregard for the natural and probable consequences

of their acts, caused injury and damage in violation of plaintiff's constitutional rights as

guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and

Fourteenth amendments.

53.     As a result of the foregoing, plaintiff was deprived of his liberty, experienced

injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and

injured.

## SECOND CLAIM

## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

54.     The plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

55.     By failing to remedy the wrongs committed by their subordinates, and in failing to

properly train, screen, supervise, or discipline their subordinates, supervisory officers

McCORMICK and RICHARD ROES caused damage and injury in violation of plaintiff's rights

guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its Fourth and

Fourteenth amendments.

56.     As a result of the foregoing, plaintiff was deprived of his liberty, experienced

injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and

injured.

## THIRD CLAIM

## LIABILITY OF THE CITY OF NEW YORK
## FOR CONSTITUTIONAL VIOLATIONS

57.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

58.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

59.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

60.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

61.     As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.


WHEREFORE, the plaintiff demands the following relief jointly and severally against all of the defendants:

      a.  Compensatory damages;

      b.  Punitive damages;

      c.  The convening and empanelling of a jury to consider the merits of the claims herein;

      d.  Costs and interest and attorney's fees;

      e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:     New York, New York
          August 14, 2014


                 JEFFREY A. ROTHMAN, Esq.
                 315 Broadway, Suite 200
                 New York, New York 10007
                 (212) 227-2980
                 Attorney for Plaintiff